UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 3:16-00079 |
| | ) Judge Aleta A. Trauger |
| AHMED MOHAMED SHEIKH OSMAN, | ) |
| | ) |

**MEMORANDUM AND ORDER**

The defendant, Ahmed Mohamed Sheikh Osman, has filed a Motion to Compel Discovery (Docket No. 50), to which the government has responded in opposition (Docket No. 61). The court has set a competency hearing in this case to determine whether Mr. Osman is competent to stand trial within the meaning of 18 U.S.C. § 4241 (Docket No. 46) and, in his Motion to Compel Discovery, Mr. Osman requests that the court "order the prompt disclosure of any information that [the] government has that relates to Mr. Osman's mental health or that explains its decision that Mr. Osman lacks any connection to ISIS." (Docket No. 50, p. 3.) In its Response, the government submits that it is not in possession of "any information regarding Mr. Osman's mental health or non-connection to ISIS" and, moreover, that it is not in possession of any information that is favorable to Mr. Osman. (Docket No. 61, p. 1.) After reviewing the parties' submissions, the court finds no basis for questioning the government's representation that it is not in possession of any information that it would be required to disclose to Mr. Osman pursuant to the local rules, the Federal Rules of Criminal Procedure, or *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, Mr. Osman's Motion to Compel Discovery (Docket No. 50) is hereby **DENIED**.

Related to Mr. Osman's motion, the government has filed a sealed *ex parte* motion pursuant to Federal Rule of Criminal Procedure 16(d)(1) seeking a protective order prohibiting

1

the disclosure to the defense of certain classified information contained in an attachment. (Docket No. 55.) Rule 16(d)(1) provides that, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." It is well settled that the government may move *in camera* and *ex parte* for a protective order restricting discovery of classified materials. *United States v. Hamama*, No. 08-20314, 2010 WL 330375, at *2 (E.D. Mich. Jan. 21, 2010) (collecting cases). Having reviewed the government's brief and a copy of the classified material that the government seeks to withhold from discovery, and upon consideration of the crimes charged, the possible defenses, the issues likely to be raised in the competency hearing, and other relevant factors, the court concludes that the classified information is not discoverable because it is not relevant to any of these issues, nor is it helpful or beneficial to the defense. The government's sealed *ex parte* motion (Docket No. 55) is, therefore, **GRANTED**, and the government need not disclose to the defense the classified materials attached thereto. It is further **ORDERED** that the government must preserve the classified materials under seal in their entirety in the event of an appeal to the Sixth Circuit Court of Appeals. *See* Fed. R. Crim. P. 16(d)(1).

It is so **ORDERED**.

Enter this 14th day of April 2017.

_____
ALETA A. TRAUGER
United States District Judge